HENRI O. TANGUAY *vs.* STATE BOARD OF PUBLIC ROADS.

JULY 2, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney; JJ.

RATHBUN, J. This is an appeal from a decree of the Superior Court affirming an order, entered by the State Board of Public Roads, revoking the appellant's license to operate a motor vehicle on the public highways.

While the appellant was operating an automobile upon one of the public highways of the State said automobile collided with a child who died as a result of the collision. When notice of the accident and death of the child was brought to the attention of the Board it immediately suspended the appellant's said license and after receiving and considering a report made by one of the Board's examiners

who investigated the accident notified the appellant that it had, in accordance with the provisions of Section 26, Chapter 1354, Public Laws 1916, entered an order revoking his license to operate motor vehicles upon the public highways. Said Section 26 provides in part as follows: "Whenever the death of any person results from any such accident, the board may forthwith suspend the license of the operator of the motor vehicle involved in such accident, and such license shall forthwith be delivered to it; and the board shall enter an order revoking such license unless, upon investigation or after a hearing, it shall find that the accident occurred without serious fault upon the part of such operator."

Before entering said order the Board received no legal evidence but based the finding that the appellant was not without serious fault solely upon the report made by the examiners sent out by the Board to investigate the facts relative to the accident.

The appellant contends that the order revoking his license is invalid because the finding that he was guilty of serious fault which contributed to the accident was made without giving him an opportunity to be heard. In passing upon this contention it will be necessary to consider the provisions of said Section 26 which the Board relies upon as authority for its action. The language above quoted from said section is not as clear and explicit as could be desired. If this section is considered without reference to other sections of the act it might be urged with considerable force that it was the intention of the legislature to provide that whenever a motor vehicle is involved in an accident resulting in a death the Board has authority to revoke the operator's license, after making an investigation, without first giving such operator an opportunity to be heard on the question whether he was guilty of serious fault which contributed to the accident. The statute does not specifically state that the revocation of the license shall follow a finding, after a hearing, that the operator was guilty of serious fault. The

language is "the board shall enter an order revoking such license unless, upon investigation or after a hearing, it shall find that the accident occurred without serious fault upon the part of the operator." If upon either investigation or hearing it is found that the accident occurred without serious fault on the part of the operator the license would not be revoked. If the Board so finds upon its own investigation there would, of course, be no necessity for a hearing, because the Board would take no affirmative action. Section 7 of said chapter provides in part as follows: "The board may, after a hearing of which at least three days' notice in writing has been given to the licensee, for any cause it may deem sufficient, enter an order suspending or revoking the license of any person to whom a license has been issued under this act." The language above quoted provides for the suspension or revocation of a license only after a hearing of which the licensee has been given notice. It was evidently the intention of the legislature, as expressed in said Section 26, to authorize, without a hearing, a suspension of the license of the operator of a motor vehicle involved in an accident from which a death results but such a suspension is only an emergency order which should be followed by a hearing unless the Board, on its own investigation, is satisfied that the operator was without serious fault, in which event there would be no reason for revoking the license or continuing the order of suspension. Section 8 of said chapter provides in part as follows: "Any person aggrieved by any order of the board may appeal therefrom to the superior court for the counties of Providence and Bristol . . . and upon hearing, said court may review the evidence presented before the board and may in its discretion affirm or overrule or modify the order of the board." Although the legislature has omitted to provide any method for obtaining an official record of the evidence taken by the Board, with the result that a person who desires to appeal must be prepared to produce before the Superior Court a record of the evidence so taken, it was evidently the intention that, at the hearing on appeal, the

Superior Court should not hear the case *de novo* but, merely review the evidence presented before the Board. Unless the Board gives a hearing and receives evidence there is nothing for the Superior Court to review. It must have been the intention that the operator be given an opportunity to be heard at such hearing. If the operator is not permitted at the hearing before the Board to submit evidence bearing upon the question whether he was guilty of serious fault he has not had his day in court and as the operator is not permitted at the hearing of the appeal to submit evidence that he was without serious fault there appears to be very little reason for giving him an appeal unless he is permitted to submit evidence at the hearing before the Board. We think it was the intention of the legislature in adopting said Section 26 to authorize the revocation of a license only after a hearing at which the operator has been given an opportunity to be heard.

The last valid order of the Board against the appellant was the order suspending his license. Although the time for which the license was issued has expired the record of suspension stands against him and he is, therefore, entitled for the protection of his rights to a hearing on the question whether he was guilty of serious fault which contributed to the accident.

The appeal of the appellant is sustained, the decree of the Superior Court appealed from is reversed and the cause is remanded to the Superior Court with direction to overrule the said order of said Board from which order the appellant has appealed.

*Eugene L. Jalbert, Raphael L. Daignault,* for appellant.
*Herbert L. Carpenter, Attorney General,* for respondent.